## William George, Appellee, v. Illinois Central Railroad Company, Appellant.

1. CARRIERS, § 482*—*when instruction erroneous as not conforming to evidence.* In an action of trespass by a passenger to recover for being wrongfully removed from a railroad train on the ground that plaintiff was intoxicated, an instruction that exemplary damages might be awarded if it was found that, in removing plaintiff, defendant's servant threw plaintiff down, *held* erroneous, there being no evidence that such servant threw plaintiff down in removing him.

2. CARRIERS, § 482*—*when instruction that carrier has no right to remove intoxicated passenger erroneous.* In an action of trespass by a passenger to recover for being wrongfully removed from a railroad train on the ground that he was intoxicated, an instruction leaving to the jury the question of gross and slight intoxication, and telling the jury that if plaintiff was not so intoxicated as to be disgusting, disagreeable or annoying to other passengers, or likely to become so, defendant had no right to remove plaintiff from the train, *held* erroneous under section 1 of the Act of 1911 (J. & A. ¶ 8887), providing that it shall be a criminal offense to drink intoxicating liquor or to be intoxicated on any railroad car used for the transportation of passengers, or on or about any railroad station or platform.

3. TRIAL, § 187*—*when question of authority of servant raised on motion for direction of verdict.* In an action of trespass to recover for injury sustained by the wrongful act of one alleged to be a servant of defendant, a motion by defendant for a peremptory instruction in its favor raises the question of the authority of such alleged servant.

4. CARRIERS, § 526*—*when evidence sufficient to show that conductor acted within scope of authority in ejecting person.* In an action of trespass to recover for being wrongfully removed from a railroad train, where it appeared that plaintiff was removed by order of the train conductor by one alleged to have been a servant of defendant, but where there was no direct evidence as to the scope of such person's authority, a finding that such act was within the scope of such servant's authority *held* warranted under the evidence, it appearing that the jury were properly instructed, and that there were facts and circumstances surrounding the case from which the jury might properly so find.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

George v. Illinois Central Railroad Co., 197 Ill. App. 152.

5. Trespass, § 45*—when evidence of justification competent under general issue. Evidence of justification is competent under a plea of the general issue, though the commencement and ending of the declaration describe the action as trespass, provided the body of the declaration describe an action in the nature of an action on the case.

6. Trespass, § 45*—when evidence in mitigation of damages admissible under general issue. Evidence in mitigation of damages is competent under a plea of the general issue although the commencement and ending of the declaration describe the action as trespass, provided the body of the declaration describe an action in the nature of an action on the case.

7. Pleading, § 38*—what part of declaration controls its character. The body of a declaration and not its commencement and ending will control its character.

Appeal from the Circuit Court of St. Clair county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

Kramer, Kramer & Campbell and R. H. Wiechert, for appellant; John G. Drennan, of counsel.

James O. Miller, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

This is an action brought by William George, appellee, against the Illinois Central Railroad Company, appellant, to recover damages for refusing to allow the appellee to board the appellant's train and for otherwise injuring the appellee. Said cause was tried and a verdict for two hundred and fifty dollars was rendered for appellee. Motions for new trial and in arrest of judgment were overruled by the court and judgment entered, from which judgment this appeal was taken.

The evidence shows that William George, the appellee, was a resident of Winkle, Illinois, a town about twenty or twenty-five miles south of Lenzburg; that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on December 22, 1913, in company with his wife, he came to Lenzburg to visit his daughter; he spent the day with his daughter and son-in-law, and during the visit drank some whisky. The train from Lenzburg to Winkle was due about six o'clock p. m., and appellee and his wife walked from their daughter's to Lenzburg and arrived there about three quarters of an hour before the train was due. They immediately went to the depot and purchased tickets from Lenzburg to Winkle. At that time appellee was sober, or at least did not show any indications of drunkenness to the persons who saw him. He immediately went across the street to a saloon and remained there until the train whistled for the Lenzburg station, when his wife walked across the street to the saloon and called him. While in the saloon appellee drank two beers and a pony of whisky. On the train in question was a man by the name of Kerr, a watchman for appellant, but whose particular duties, powers and authority are not shown by the record. Appellee got on the second step of the coach when Kerr started to take him off the train. The conductor came up to the point where appellee and Kerr were and asked what was wrong. Kerr replied appellee was drunk, whereupon the conductor said to Kerr not to let him on the train; that he did not want any drunken men on the train. Kerr then lifted appellee off the steps onto the depot platform and led him back from the train ten or twelve feet to a place close to the depot building.

Appellee makes no claim of any injury on account of being taken off the train, except that he claims he was humiliated and prevented from continuing his journey by reason thereof. After the train left Kerr went into the private office of the station agent in the depot building, and appellee, it seems, went into the waiting room of the depot, and claims he did so in order to get a refund on his ticket, but the agent and his assistant both testified that he asked when the next train would

arrive for Winkle. When appellee started towards the door, Kerr came out of the agent's office, and, as he and certain of the witnesses for appellant testified, started to assist appellee to the depot platform, as he was having considerable trouble on account of his intoxicated condition. Certain of the witnesses for appellee testified that when Kerr and appellee reached the outside door of the building Kerr pushed appellee, and that he fell on the depot platform with his feet just inside the doorway.

On the other hand, certain of appellant's witnesses testified that when he got to the doorway he let loose of appellee's arms and that appellee in his intoxicated condition slipped upon the floor and fell. There is a conflict in the evidence at this point.

Kerr did not testify for the reason that between the time of the injury and the time of the trial he had left defendant's employ and returned to the old country.

There was no evidence as to Kerr's agency for the appellant, his authority or the scope of his duty, except that one witness testified that Kerr was a watchman of the appellant, and one witness referred to Kerr as a special agent of the appellant, and said that he had known of his being after some boys who stole from freight rooms at Lenzburg and Marissa. After the occurrence of the events herein stated, appellee returned to the saloon where he spent the night. The next morning he returned to his home in Winkle.

Appellant's most serious contentions for a reversal of this case are, first, that the court erred in giving appellee's fourth and sixth instructions.

The fourth instruction is as follows:

"If a railway conductor orders a special officer to prevent a person who has purchased a ticket, and who is not drunk, from riding as a passenger, upon the assigned reason that said person was drunk, and it should turn out to be untrue that he was drunk, and if the special officer in whose custody he was assigned throws this passenger down, using language

intended to wound the feelings of the passenger and to bring him into contempt and disgrace, in a suit for trespass against the company the jury may allow exemplary damages.''

This instruction should not have been given, as there was no evidence that Kerr or any one else in ejecting appellee from the train threw him down. Appellee, himself, testified that when ejected from the train he was not hurt and other witnesses who saw the occurrence testified to the same effect.

Appellee's sixth instruction is as follows:

''The court instructs the jury that common carriers are not required to receive for passage a drunken person, if such person is intoxicated to such an extent as to render it probable that he would be disgusting, disagreeable, or annoying to other passengers. But slight intoxication, such as would not seriously affect the conduct of the passenger, will not justify the company in refusing to receive and carry him, and if you believe from the evidence in this case that the plaintiff was not drunk, or if you believe from the evidence that he was only slightly intoxicated, then it is a question for you to determine from all of the evidence whether his intoxication, if you find that he was intoxicated, was to such an extent or degree that he likely would be an improper person to carry as a passenger. If you determine from the evidence that he was intoxicated to such a degree that his conduct would be disgusting to other passengers, disagreeable or annoying to them, then the conductor was justified in refusing him passage on the train; if you do not find from the evidence that he was intoxicated to such a degree then you may find for the plaintiff.

''Whether plaintiff was intoxicated at all is a question of fact for you to determine.

''Whether plaintiff was slightly intoxicated is also a question of fact for you to determine.''

This instruction should not have been given as it undertakes to submit to the jury the question of gross and slight intoxication. This instruction might have been good prior to the passage of the act (section 1

of Act of 1911, J. & A. ¶ 8887) which relates to persons being intoxicated upon a railway train or on a depot platform or in a depot building, but since the passage of the statute in question, there can be no doubt that this instruction does not state the law. The evidence in this case tended to show that appellee was staggering and reeling, and had to be assisted upon the train, but there is no evidence that he was disagreeable or annoying. If this instruction states the law correctly, then a railway company cannot refuse admission to a passenger, no matter how intoxicated he is, unless he is disgusting, disagreeable or annoying, or likely to become so.

The second contention of appellant is that the court erred in refusing its peremptory instructions to the jury to find the issues for the appellant. By this assignment of error, appellant raises the question whether or not it is liable for the alleged injury claimed to have been suffered by him at the depot building, without further evidence showing the authority of the man Kerr. While there is no direct evidence as to the scope of Kerr's authority, still we are unable to say that from all the facts and circumstances surrounding the case a jury would not be warranted in finding, under the guidance of proper instructions, the scope of Kerr's authority to be sufficient to bind the defendant in this case. The court, therefore, did not err in refusing appellant's peremptory instructions.

It is contended by appellee that the declaration is "in trespass," and that, therefore, evidence in justification and mitigation of damages are not admissible under the plea of the general issue filed by appellant in this case. In reply to this contention, it may be said, that plaintiff's declaration, except in its commencement and ending, is in the nature of an action on the case, and, under the authorities, the body of the declaration, being in case, would control its character. There was a conflict of evidence as to what took place in the depot, and as this case is to be submitted to

another jury we will not express any opinion in regard to the weight of the evidence.

For the errors above indicated this cause will be reversed and remanded.

*Reversed and remanded.*